UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:21-cv-61993-WPD

ANIMACCORD LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Defendants.
_____/

## **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

THIS MATTER comes before the Court on the Plaintiff's Motion for Entry of Final Default Judgment (the "Motion"). The Court granted the Motion in a separate Order. Pursuant to Federal Rule of Civil Procedure 58(a), the Court hereby **ENTERS THIS SEPARATE FINAL JUDGMENT**.

Accordingly, it is **ORDERED and ADJUDGED** that **Final Default Judgment is hereby entered** in favor of the Plaintiff, Animaccord, Ltd. (the "Plaintiff"), and against the Defendant Individuals, Partnerships, or Unincorporated Associations identified on Schedule "A" hereto (collectively, the "Defendants") as follows:

(1)    Permanent Injunctive Relief:

The Defendants and their officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert and participation with the Defendants are hereby permanently restrained and enjoined from:

        a.    manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing

|   |   |
|---|---|
|   | goods bearing the Plaintiff's trademarks, or any confusingly similar trademarks identified in Paragraph 25 of the Complaint (the "Masha and the Bear Marks") [ECF No. 1]; |
| b. | using any reproduction, counterfeit, copy, derivative, or colorable imitation of the copyrighted works identified in Paragraphs 32 - 35 of the Complaint (the "Copyrighted Works") [ECF No. 1]; |
| c. | using the Masha and the Bear Marks or Copyrighted Works in connection with the sale of any unauthorized goods; |
| d. | using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; |
| e. | falsely representing themselves as being connected with the Plaintiff, through sponsorship or association; |
| f. | engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff; |
| g. | using any reproduction, counterfeit, copy, or colorable imitation of the Masha and the Bear Marks or Copyrighted Works in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants; |
| h. | affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by the Defendants as being those of the Plaintiff or in any way endorsed by the Plaintiff; |
| i. | otherwise unfairly competing with the Plaintiff; |
| j. | using the Masha and the Bear Marks or Copyrighted Works, or any confusingly similar trademarks or works on e-commerce marketplace sites, domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a computer user or serves to direct computer searches to e-commerce stores, websites, and/or Internet businesses registered, owned, or operated by the Defendants; and |
| k. | effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise |

        avoiding the prohibitions set forth above.

(2)    Additional Equitable Relief:

    a.    Upon the Plaintiff's request, the Internet marketplace website operators and/or administrators for the Internet based e-commerce stores operating under the seller identification names identified on Schedule "A" hereto (the "Seller IDs"), including but not limited to AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, eBay, Etsy, and/or Taobao, shall permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Masha and the Bear Marks via the e-commerce stores operating under the Seller IDs, and any other listings and images of goods bearing counterfeits and/or infringements of the Masha and the Bear Marks associated with the same sellers or linked to any other alias seller identification names or e-commerce stores being used and/or controlled by the Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Masha and the Bear Marks and Copyrighted Works; and

    b.    Upon the Plaintiff's request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of the Defendants' goods bearing one or more of the Masha and the Bear Marks and Copyrighted Works, including but not limited to Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, DHgate.com, eBay Inc., SIA Joom, which operates the Joom.com platform, and ContextLogic, Inc., which operates the Wish.com platform, shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiff.

(3)    Statutory damages in favor of the Plaintiff pursuant to 15 U.S.C. § 1117(c):

    a.    Award the Plaintiff damages of $100,000.00 against each the Defendant, for which let execution issue, based upon the Court's finding that the Defendants infringed at least one trademark on one type of good. The Court considered both the willfulness of the Defendants' conduct and the deterrent value of the award imposed, and the awarded amount falls within the permissible statutory range under 15 U.S.C. § 1117(c).

(4)    All funds currently restrained or held on account for all the Defendants by all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial

Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd. and Alipay.com Co., Ltd. (collectively, "Alipay"), Worldpay US, Inc. ("Worldpay"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, SIA Joom, which operates the Joom.com platform ("Joom"), and PayPal, Inc. ("PayPal"), and their related companies and affiliates, are to be immediately (within 5 business days) transferred by the previously referred to financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms and by the Defendant, to the Plaintiff and/or the Plaintiff's counsel in partial satisfaction of the monetary judgment entered herein against each Defendant. All financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, eBay, Etsy, and/or Taobao, and their related companies and affiliates, shall provide to the Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter per Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from each Defendant's funds restrained prior to release; and (iii) total funds released per Defendant to the Plaintiff.

(5)     Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

(6)     The bond posted by the Plaintiff in the amount of $10,000.00 is hereby ordered released by the Clerk.

(7)     The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

(8)     The Clerk shall **CLOSE** this case. All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Broward County, Florida, this 1st day of February, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

cc: counsel of record